IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON,<br><br>        Plaintiff,<br><br>vs.<br><br>OMAHA CORRECTIONS CENTER, OCC; All sued in their individual capacities; BARB LEWIEN, Warden; All sued in their individual capacities; FREESE, Deputy Warden; All sued in their individual capacities; JANE SKINNER, Librarian at the reception and Treatment Center (RTC); All sued in their individual capacities; JULIE ROGERS, Deputy Ombudsman; All sued in their individual capacities; SARA AMSBERRY, All sued in their individual capacities;  SHAWN, at the Nebraska Ombudsman's Office; All sued in their individual capacities; and DOUG KOEBERNECK, Inspector General of Correction Services; All sued in their individual capacities;<br><br>        Defendants. | 8:22-CV-398<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on Plaintiff Kirk D. Robinson's Motion for Clarification, Filing 17; Motion for Extension of Deadline, Filing 18; and Motion for Change of Venue, Filing 19.

MOTION FOR CLARIFICATION

      Plaintiff's Motion for Clarification requests that the Court clarify "who in the original list of defendants is considered an instrumentality of the state." Filing 17 at 1. The Court previously dismissed several of Plaintiff's several

claims against the State of Nebraska, as well as its agencies, entities, agents, and employees sued in their official capacities, due to sovereign immunity. Filing 9 at 7. Plaintiff's Motion presumably asks the Court to explain to him who is left. The Court's previous Memorandum and Order speaks for itself and the Court will not repeat its analysis or attempt to divine Plaintiff's strategy for the amended complaint. Moreover, to the extent Plaintiff seeks advice on which Defendants are not instrumentalities of the state, the court cannot provide such legal advice nor will the court act as Plaintiff's legal advisor. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir. 2013) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183–84 (1984)) ("[T]here is no case law requiring courts to provide general legal advice to pro se parties. In a long line of cases, the Supreme Court has repeatedly concluded that courts are under no such obligation.").

## MOTION FOR EXTENSION OF TIME

The Court's previous Memorandum and Order permitted Plaintiff to file an amended complaint within 30 days. Filing 9 at 9. Plaintiff requests an extension to file an amended complaint, pending the result of his Motion for Clarification. Filing 18 at 1. The Court will grant the Motion and Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint.

## MOTION FOR CHANGE OF VENUE

Plaintiff's Motion for a Change of Venue asks that this "case be moved to a completely different circuit altogether" as "this is the only way to ensure . . . that he gets a fair, unbiased and impartial hearing in a court of law." Filing 19 at 1. Plaintiff's basis for his motion is his pending suit against Inactive Senior Judge Richard Kopf and Senior Judge Joseph Bataillon of this Court. *See* Filing 6, Case No. 8:23CV452..

Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

(b) Venue in general—A civil action may be brought in—
    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, all Defendants are located in the State of Nebraska. Moreover, all the events giving rise to Plaintiff's claims took place in Nebraska. *See* Filing 1. Thus, venue is clearly proper in the District of Nebraska as the Defendants are located in this district and the events that are the subject of the Complaint occurred here. As such, the Court finds that a change in venue is not warranted.

To the extent Plaintiff's motion seeks to have his case considered by a different judge other than Judge Bataillon, such request is now moot as Judge Bataillon recused himself from this matter, as well as Plaintiff's other pending cases, because Plaintiff named Judge Bataillon as a defendant in Case No.

8:23CV452. *See* Filing 20. This matter was reassigned to the undersigned, and the Court has now completed an initial review of Plaintiff's Complaint and determined that the Court lacks subject matter jurisdiction over Plaintiff's claims. Thus, Plaintiff's Motion for Change of Venue is properly denied. Therefore,

IT IS ORDERED:

1. Plaintiff's Motion for Clarification, Filing 17, is denied.

2. Plaintiff's Motion for Extension of Deadline, Filing 18, is granted. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order and the Court's previous Memorandum and Order, Filing 9. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must comply with federal pleading requirements.

3. Plaintiff's Motion for Change of Venue, Filing 19, is denied.

Dated this 23rd day of September, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge