IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON,<br><br>        Plaintiff,<br><br>vs.<br><br>OMAHA CORRECTIONS CENTER, OCC; All sued in their individual capacities; BARB LEWIEN, Warden; All sued in their individual capacities; FREESE, Deputy Warden; All sued in their individual capacities; JANE SKINNER, Librarian at the reception and Treatment Center (RTC); All sued in their individual capacities; JULIE ROGERS, Deputy Ombudsman; All sued in their individual capacities; SARA AMSBERRY, All sued in their individual capacities;  SHAWN, at the Nebraska Ombudsman's Office; All sued in their individual capacities; and DOUG KOEBERNECK, Inspector General of Correction Services; All sued in their individual capacities;<br><br>        Defendants. | **8:22CV398**<br><br>**MEMORANDUM AND ORDER** |

      Plaintiff has filed a motion seeking the appointment of counsel. Filing No. 23. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the

factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

This is not a complex case, either legally or factually. Plaintiff's reasoning supporting his request is only that he "in necessity, motions the court to appoint counsel to assist him in this case." Filing No. 23 at 1. However, Plaintiff's pleading is coherent and shows he has a basic understanding of applicable law and procedure. This case is still at the pleading stage, so there has been no discovery and no need for testimony. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 859 Fed. App'x at 5 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion.

Plaintiff also moves for an extension of the deadline to submit an amended complaint "for an amount of time the court deems sufficient." Filing No. 23 at 1. This Court has previously granted Plaintiff extensions of 90 days, Filing No. 16 at 3, and 30 days, Filing No. 22 at 2, to file an amended complaint. The Court will grant the Motion and Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint. Absent good cause shown, the Court will not grant further extensions of time to file an amended complaint.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Appoint Counsel in Filing No. 23 is denied without prejudice to reassertion.

2. Plaintiff's Motion for Extension of Time to file an amended complaint in Filing No. 23 is granted. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order and the Court's previous Memorandum and Orders, Filing Nos. 9, 16, and 22. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must comply with federal pleading requirements. Absent good cause shown, the Court will not grant further extensions of time to file an amended complaint.

Dated this 8th day of July, 2025.

BY THE COURT:

*John M. Gerrard*
_____
John M. Gerrard
Senior United States District Judge