IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>OMAHA CORRECTIONS CENTER, OCC; All sued in their individual capacities; BARB LEWIEN, Warden; All sued in their individual capacities; FREESE, Deputy Warden; All sued in their individual capacities; JANE SKINNER, Librarian at the reception and Treatment Center (RTC); All sued in their individual capacities; JULIE ROGERS, Deputy Ombudsman; All sued in their individual capacities; SARA AMSBERRY, All sued in their individual capacities;  SHAWN, at the Nebraska Ombudsman's Office; All sued in their individual capacities; and DOUG KOEBERNECK, Inspector General of Correction Services; All sued in their individual capacities;<br><br>　　　　　　Defendants. | **8:22CV398**<br><br><br>**MEMORANDUM AND ORDER** |

　　This matter is before the Court on Plaintiff Kirk D. Robinson's motions to amend his complaint and proposed amendments. Filing Nos. 26 and 27. The Court will grant the motions, incorporate the proposed amendments into Plaintiffs prior complaint and amended complaint, Filing Nos. 1 and 12, and then conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

For the reasons stated herein, this case will be dismissed for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

The procedural history of this lawsuit is extensive. Plaintiff's initial complaint was filed on November 16, 2022. Filing No. 1. Upon initial review, the Court entered a memorandum and order on May 17, 2023, finding Plaintiff's complaint failed to state a claim and affording Plaintiff an opportunity to file an amended complaint. Filing No. 9. An amended complaint was filed on June 8, 2023. Filing No. 12. However, at the time the amended complaint was drafted and mailed by Plaintiff, he was unaware of the Court's memorandum and order filed on May 17, 2023. Filing No. 16.

Plaintiff requested and was given leave to file an amended complaint, with the deadline set for October 31, 2023. Filing No. 16. Plaintiff moved for clarification of the Court's order, essentially requesting legal advice on how to draft his amended complaint. Filing No. 17. That motion was denied. Filing No. 22. Plaintiff's motion for additional time to file an amended complaint, Filing No. 23, was granted. Filing No. 25.

Plaintiff filed motions to amend his complaint, Filing Nos. 26 and 27, on July 17, 2025, and July 28, 2025, respectively. In all relevant respects, these motions are identical. Plaintiff asks the Court to consider Barb Lewien and Shawn Freese, warden and deputy warden of Omaha Corrections Center (OCC) at the time of the incident, the correct and only defendants, and consider the "claims made previously by the Plaintiff . . . valid and active." Filing No. 26 at 1; Filing No. 27 at 1. The Court construes Plaintiff's motions as asking the Court to deem the allegations raised in his initial and amended complaints, Filing Nos. 1 and 12, as claims against only Lewien and Freese, and considered as such, will grant the motions.

Having considered Plaintiff's complaints, Filing Nos. 1 and 12, in accordance with its understanding and decision on Plaintiff's motions to amend, Filing Nos. 26 and 27, the Court finds Plaintiff's amended complaint fails to state a claim upon which relief may be granted. This case will be dismissed.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal

nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Plaintiff now sues only Lewien and Freese. The allegations within his initial and amended complaints are essentially the same. Plaintiff alleges OCC has a library use policy requiring inmates to request and receive a pass before entering and using OCC's library. He claims the policy is enforced only against him, thereby restricting his library use compared to all other OCC inmates. Filing No. 1 at 3; Filing No. 12 at 1, 4. Plaintiff claims Freese's office informed him that he could not go to the library without a written pass. Filing No. 1 at 8; Filing No. 12 at 2. In response to Plaintiff's Inmate Interview Request ("IIR") complaining that his library use was unduly restricted, Lewien, stated:

> Based on your negative interactions with Librarian Skinner, an administrative decision was made to require that you submit IIRs in order to receive a pass to visit the library. Under no circumstance are you to enter the library without an approved pass. Continue to remain respectful in your interactions with staff.

Filing No. 1 at 8, 12. *See also*, Filing No. 12 at 2. (stating that in response to Plaintiff's IIR, Lewien "simply affirmed Freese's directive"). Plaintiff seeks damages. He further requests an order lifting the restrictions on his access to all NDCS libraries, legal services, supplies, and paperwork, along with a Court-ordered investigation of the activities of all NDCS facilities. Filing No. 12 at 6.

The Court will not order an NDCS investigation. Plaintiff's allegations suggest, at most, restricted access to OCC's library. He lacks standing to

4

demand injunctive relief beyond addressing that alleged injury. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). As to lifting restrictions limiting his access to all libraries, legal services, supplies, and paper, his broad request must be denied because Plaintiff has not alleged that any facility other than OCC imposed any restrictions.[1] And since Plaintiff is no longer housed at OCC, his request to lift restrictions on his use of OCC's library is moot. *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). Plaintiff's requests for injunctive relief will be denied.

Sovereign immunity bars Plaintiff's claims for damages against Lewien and Freese, in their official capacities. Filing No. 9 at 6-7 (citing *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995)). Plaintiff's complaint is therefore limited to damage claims against Lewien and Freese, in their individual capacities.

As thoroughly explained in the Court's prior order, Plaintiff's allegations do not support a claim that he was unfairly treated because he belongs to a protected class or group, and he has failed to state a class-of-one Equal Protection claim. Filing No. 9 at 7-8. "Plaintiff's lack of legal training and limited access to a law library do not differentiate him from most pro se prisoner-plaintiffs." *Yanga v. Neb. Dep't of Corr. Servs.*, No. 8:19CV420, 2020 WL 6800428, at *2 (D. Neb. Nov. 19, 2020).

Plaintiff was not denied access to the OCC library. He was merely required to obtain permission first. Plaintiff has failed to state a 42 U.S.C. § 1983 claim for damages against Lewien and Freese, in their individual capacities.

---

[1] It appears that by the time the amended complaint was filed, Plaintiff was housed at the Reception and Treatment Center. Filing No. 12 at 6.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff's complaints, amended as requested in his motions, Filing Nos. 26 and 27, fail to allege a plausible claim for recovery against OCC Warden Lewien and OCC Deputy Warden Freese, in their official and individual capacities. This case must be dismissed.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motions asking the Court to deem the allegations raised in his initial and amended complaints, Filing Nos. 1 and 12, as claims against only Lewien and Freese, Filing Nos. 26 and 27, are granted, and the Court has construed Plaintiff's complaints, Filing Nos. 1 and 12, as such in conducting an initial review.

2. This matter is dismissed without prejudice.

3. A separate judgment will be entered.

Dated this 3rd day of October, 2025.

BY THE COURT:

*John M. Gerrard*
_____
John M. Gerrard
Senior United States District Judge